UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADAPHI PROCTOR,<br><br>Plaintiff,<br><br>v.<br><br>JIMMY MACIAS, et al.,<br><br>Defendants. | No. 1:16-cv-01120-DAD-SKO<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 34) |

On February 10, 2017, the magistrate judge selected to preside at the settlement conference[1] in this action issued a standard order setting forth the procedures applicable to the settlement conference which is scheduled to occur more than a year from now, on June 12, 2018. (Doc. No. 33.) Shortly after this order was issued, defendants objected to it. (Doc. No. 34.) In particular, defendants complain that: (1) the magistrate judge is improperly attempting to circumvent Local Rule 270(b); (2) the order improperly requires the parties to present evidence at the settlement conference; and (3) the order improperly requires decision makers with unrestricted authority to be available during the settlement conference. Defendants' objections are completely without merit.

---

[1] As is normally the case, absent waiver of disqualification by the parties, the magistrate judge selected to preside at the settlement conference is not the magistrate judge generally assigned to the case. *See* Local Rule 270(b).

1

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. *See also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f). *See also* 28 U.S.C. § 636(b)(1)(A). An order noting the court's requirements for settlement conferences is obviously non-dispositive. On a motion to reconsider a magistrate judge's non-dispositive order, the magistrate judge's factual determinations are reviewed for clear error, and the magistrate judge's legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (internal quotations and citations omitted).

**ANALYSIS**

*1.     Local Rule 270(b)*

Defendants object that the magistrate judge's order attempts to exempt herself from Local Rule 270(b). Under the Local Rules, "[u]nless all the parties affirmatively request that the assigned Judge or Magistrate Judge participate in the conference and waive in writing any claim of disqualification on that basis to act as Judge or Magistrate Judge in the action thereafter, the assigned Judge or Magistrate Judge shall not conduct the settlement conference." Local Rule 270(b). In this regard, defendants seize on the language of the order at issue here which states, "[*d*]*espite the provisions of Local Rule 270(b)*, the settlement conference will be conducted by the undersigned Magistrate Judge." (Doc. No. 33 at 1) (emphasis added).

The use of the emphasized passage in the order was clearly an oversight, since it is obvious here that the magistrate judge selected to preside over the settlement conference is not the magistrate assigned to this action. However, it is not reasonable to suggest, as defendants do, that

the inadvertent appearance of this language in the order reflects an attempt by the magistrate judge presiding at the settlement conference to circumvent Local Rule 270(b). (Doc. No. 34.) Defendants' argument that this case may someday be reassigned for some unforeseen reason and, on reassignment, be randomly reassigned to Magistrate Judge Grosjean is purely speculative and, in any event, premature. If defendants' speculative concern were to become a real issue because this case is reassigned to Magistrate Judge Grosjean, it can be resolved then. However, there is no need to vacate the magistrate judge's order at this time based on defense counsel's speculation.

   2.   *Presentation of Evidence*

Defendants next object to the order in question on the grounds that "the court does not have the authority to order parties to present evidence at a settlement conference." (Doc. No. 34 at 2–3.) In support of this broad proposition, they cite *Strandell v. Jackson County*, 838 F.2d 884 (7th Cir. 1987) and *Kothe v. Smith*, 771 F.2d 667 (2d Cir. 1985). In *Strandell*, a district court ordered the parties—over plaintiffs' counsel's objections—to engage in a summary jury trial, at which the parties were to submit estimations of evidence to an advisory jury who was to render an anticipated verdict, all in an effort to facilitate settlement negotiations. 838 F.2d at 884–85. When plaintiff's counsel refused to participate in that proceeding, largely because it would require disclosure of confidential communications between counsel and witnesses which defendants had sought and been unable to obtain during discovery, the court held counsel in criminal contempt. *Id.* at 885. Ultimately, the Seventh Circuit held the district court was not authorized to compel participation by plaintiffs in a summary jury trial and vacated the contempt finding. *Id.* at 888. Similarly, in *Kothe*, the district court ordered the parties to engage in settlement negotiations, informed the parties it thought the case should be settled for between $20,000 and $30,000, advised them they would be sanctioned if they settled for that amount after trial had begun, and then did so when the case settled after the first day of trial. 771 F.2d at 668–69.

As the above summary makes clear, the two cases relied upon by the defendants in support of their motion for reconsideration are irrelevant to the court's consideration of the pending motion. Here, the magistrate judge merely advised the parties in a general order they

3

"should" bring pertinent evidence to the settlement conference. (Doc. No. 33.) Indeed, the court did not even order the parties to do so. Rather, the order appears to suggest that parties bring key documents or other evidence with them to the conference in order to facilitate settlement discussions. That is clearly reasonable. Moreover, the challenged order specifically contemplates that the evidence will *only* be provided to the settlement judge and thus defendants' expressed concern about compelled disclosure to an opponent in litigation simply has no basis here. Finally, the magistrate's order does not even insist a settlement conference *must* occur. Indeed, in bold, capital letters on the second page of that order, the magistrate judge notes that if either party believes the settlement conference is futile, it should so inform the court at least seventy-two hours prior to the scheduled conference. In sum, the challenged order, issued in contemplation of an anticipated settlement conference scheduled *more than a year* in the future, bears little resemblance to the criminal contempt conviction in *Strandell* or the monetary sanctions imposed in *Kothe*.

   *3. Settlement Authority*

Defendants object to language in the magistrate's order requiring that individuals with settlement authority be present at *or reachable by telephone* during the settlement conference. *See United States v. U.S. Dist. Ct. for Northern Mariana Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012). Of course, no one is well served by a settlement conference where a resolution is negotiated between those present but cannot be summarized on the record because defense counsel cannot reach someone whose authorization is necessary to settle the case. Accordingly, this is a rather standard requirement in connection with most settlement conferences. Moreover, the court observes that the order made clear that the parties could seek permission to vary from these requirements if the circumstances so required. (*See* Doc. No. 33 at 2 (". . . unless the Court grants permission otherwise.").) Defendants have made no showing that the magistrate judge has refused to accommodate any reasonable request for such relief, choosing instead to occupy the court with this objection.

The magistrate judges of this district are appropriately given considerable latitude in managing the docket of cases referred to them by local rule. *See* Local Rule 302(a) ("It is the

intent of this Rule that Magistrate Judges perform *all duties* permitted by 28 U.S.C. § 636(a), (b)(1)(A), or other law where the standard of review of the Magistrate Judge's decision is clearly erroneous or contrary to law.") (emphasis added); Local Rule 302(c)(12) (referring settlement conferences to magistrate judges); Local Rule 302(c)(17) (referring all matters brought pursuant to 42 U.S.C. § 1981, *et seq.* by a person in custody to magistrate judges). Here, defendants have failed to show that the magistrate judge's unremarkable settlement conference order is somehow contrary to law, nor have they suggested that they have in any way been rebuffed in seeking reasonable accommodations under the terms of that order.

## CONCLUSION

Given the foregoing, the request for reconsideration (Doc. No. 34) is denied in its entirety.

IT IS SO ORDERED.

Dated: **May 3, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE