1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  R. LAWRENCE BRAGG, State Bar No. 119194
   Acting Supervising Deputy Attorney General
3  ARTHUR B. MARK III, State Bar No. 220865
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7345
6    Fax:  (916) 324-5205
     E-mail:  Arthur.Mark@doj.ca.gov
7   Attorneys for Defendants
   Hudson, Macias, Santos, Short, Curry, Ochoa and
8  Jimenez

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      FRESNO DIVISION

12

13

| | |
|---|---|
| **KHADAPHI PROCTOR,** | 1:16-cv-01120 DAD SKO |
| Plaintiff, | **JOINT MOTION TO EXCUSE DEFENDANTS FROM ATTENDING SETTLEMENT CONFERENCE AND ORDER THEREON** |
| v. | |
| **JIMMY MACIAS, et al.,** | Judge:        The Honorable Sheila K. Oberto |
| Defendants. | Trial Date:   January 15, 2019 |
| | Action Filed:  August 1, 2016 |

20

21                       **INTRODUCTION**

22         Defendants Hudson, Macias, Santos, Short, Curry, Ochoa, Jimenez and Smalley jointly

23  move the Court for an order excusing them from attending the settlement conference in this

24  matter currently set for December 14, 2017.  The Court should excuse the Defendants from

25  attendance because the individual defendants do not possess authority to bind CDCR to a

26  settlement and, thus, their presence is not necessary for effective settlement negotiations or

27  agreement.  In addition, requiring Defendants to attend will needlessly impose excess salary costs

28  on CDCR, and cause hardship for some of the Defendants.

                                   1

**BACKGROUND**

The settlement conference in this case has been advanced by stipulation of the parties to December 14, 2017 before the Honorable Magistrate Judge Grosjean (ECF No. 44.)  The Court's previous Order Regarding Settlement Conference required the individual Defendants to attend the settlement conference.  (*See* ECF No. 33.)   This order requires the eight individual defendants to attend the conference "absent permission from the Court."  (ECF No. 33.)

**ARGUMENT**

**I.    THE COURT SHOULD EXCUSE DEFENDANTS' ATTENDANCE AT THE SETTLEMENT CONFERENCE**

Defendants Smalley, Hudson, Macias, Santos, Short, Curry, Ochoa and Jimenez jointly move to excuse their attendance at the settlement conference.  Federal Rule of Civil Procedure 16(c)(1) provides that "*if appropriate*, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement."  Fed. R. Civ. P. 16(c)(1).  When considering whether it is appropriate to require the parties to attend, the Court should exercise its discretion carefully, in light of the practicalities of the case and whether the presence of certain parties is required for an effective conference.  *United States v. U.S. Dist. Court for Northern Mariana Islands*, 694 F.3d 1051, 1061 (9th Cir. 2012).  Consistently, Local Rule 270(f) does not require parties to attend court settlement conferences, and provides only that "counsel be accompanied in person by a person capable of disposition, or shall be fully authorized to settle the matter at the settlement conference on any terms."  L.R. 270(f).

The practicalities of this case demonstrate that is not appropriate to require that the Defendants attend the settlement conference.  Individual defendants rarely, if ever, attend settlement conferences in prisoner litigation cases because they lack authority to commit CDCR to pay any monies in settlement.  (Mark Decl. ¶ 2.)  Defendants' counsel will have authority to agree to potential settlements and a representative of CDCR will attend the settlement conference in person, or be available by telephone.  (Mark Decl. ¶ 3.)  In addition, Plaintiff's counsel has no objection to the individual Defendants being excused from attending.  (Mark Decl. ¶ 6.)  Thus, the individual Defendants are not needed for effective negotiations or agreement.

2

1        In addition, if the individual Defendants are required to attend, CDCR will incur roughly

2    $3,445 in unnecessary costs for the time of six of the eight Defendants to attend the conference

3    and to provide coverage for shifts for some of the Defendants.  (Mark Decl. ¶ 4.)   This estimate

4    does not include any potential overtime costs CDCR may incur, or stipends for expenses.  (*Id.*)

5    And, there is a hardship for some of the Defendants to attend.  Defendant Macias is retired;

6    Defendant Ochoa is currently on workers' compensation leave and it would be difficult for him to

7    travel to Fresno; and Defendant Santos has a pre-scheduled, pre-paid vacation from December 10,

8    2017 through December 17, 2017. (Mark Decl. ¶ 5.)

9        The practicalities of this case demonstrate that Defendants' presence is not necessary for

10   settlement negotiations or agreement, and requiring them to attend will impose unnecessary costs

11   on CDCR and will cause hardship to at least three of the Defendants.  Thus, the Court should not

12   require the Defendants to attend the settlement conference.   *United States v. U.S. Dist. Court for*

13   *Northern Mariana Islands*, 694 F.3d at 1061.

3

**CONCLUSION**

The Court should grant Defendants' joint motion because their presence at the settlement conference is not necessary for effective settlement negotiations or agreement. In addition, requiring their attendance will impose unnecessary costs on CDCR, and a hardship on some of the Defendants. Accordingly, the Court should enter an order excusing the individual Defendants from attending the settlement conference on December 14, 2017.

Respectfully Submitted,

Dated: October 27, 2017

XAVIER BECERRA
Attorney General of California
R. LAWRENCE BRAGG
Acting Supervising Deputy Attorney General

*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendants*
*Santos, Short, Curry, Ochoa, Jimenez, Hudson*
*and Macias*

Dated: October 27, 2017

ANDRADA & ASSOCIATES

*/s/ Lynne G. Stocker (as authorized on October 27,*
*2017.)*

LYNNE G. STOCKER
Attorneys for Defendant Smalley

**ORDER**

The Court, having reviewed Defendants' joint motion and, good cause appearing, Defendants' motion is granted. The individual Defendants need not attend the settlement conference on December 14, 2017.

IT IS SO ORDERED.

Dated:  **October 30, 2017**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

SA2016301705/33096156.docx